

FISHER & PHILLIPS LLP
Corporate Park III
580 Howard Avenue
Somerset, New Jersey 08873
(732) 560-7100
Attorneys for Plaintiff
The Great Atlantic & Pacific Tea Company, Inc.
Attorney of Record: DS4129

| | |
|---|---|
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
| Plaintiff, | |
| v. | Civil Action No. **07 CIV 4114** |
| MICHAEL SISIA, | ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS |
| Defendant. | |

**THIS MATTER** having been opened to the District Court by Fisher & Phillips LLP, attorneys for plaintiff The Great Atlantic & Pacific Tea Company, Inc. ("A&P" or "Plaintiff"), by way of an Order to Show Cause, pursuant to *Fed.R.Civ.P.* 65, upon due notice to defendant Michael Sisia ("Sisia"), and the District Court having considered the Verified Complaint, written submissions, and arguments of counsel; and for good cause shown,

**IT IS** upon this 29 day of May, 2007,

**ORDERED THAT** Sisia is hereby directed to appear before the Honorable Judge Daniels, U.S.D.J., at the United States District Court for the Southern District of New York, located at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007 on the 31st day of May, 2007 at 10:00 a.m. or as soon thereafter as this matter can be heard and show cause why an Order should not be entered:

1

1. Immediately enjoining Sisia from working at Wakefern Food Corporation/ShopRite or at any other competitor of A&P as a District Manager or in any capacity having responsibilities substantially similar to those he had during the last year of employment with A&P, until May 24, 2008;

2. Immediately enjoining Sisia from: violating any other material term or condition of his 2006 Long Term Incentive Program Restricted Share Unit Award Agreement with A&P (the "Agreement"); disclosing or using A&P's confidential and proprietary information and trade secrets in any manner; and otherwise breaching his continuing duties of good faith and fair dealing owed to A&P;

3. Directing Sisia to provide a copy of all e-mails, letters, correspondence, and communications in any form or format concerning the manner, means, and method in which Sisia was solicited and hired by Wakefern Food Corporation/ShopRite;

4. Requiring Sisia to immediately return to A&P all A&P property in his possession including, but not limited to, the original and all copies of all files, information, and/or documentation concerning A&P's sales, budgets, margins, pricing, merchandising, and/or business strategy; and

5. Ordering other relief the District Court deems equitable and just; and

**IT IS FURTHER ORDERED** that, pending the return date of this Order to Show Cause, and in accordance with the terms of the Sisia's Agreement with A&P, Sisia shall be temporarily enjoined and restrained from: (i) rendering any professional services to Wakefern Food Corporation/ShopRite in the area of merchandising or sale of groceries; (ii) contacting any current employees of A&P for the purpose of soliciting or inducing them to leave A&P; (iii) retaining, using or disclosing any A&P confidential or proprietary information; and (iv) taking

NewJersey 139017.1

any other action which otherwise violates the material terms and conditions of Sisia's Agreement with A&P; and IT S ORDERED THAT SECURITY PUR. TO F.R.C.P 65.1 SHALL BE POSTED BY _____, 2007, IN THE AMT OF $_____,

**IT IS FURTHER ORDERED** that the foregoing temporary restraints shall continue until the further Order of the Court; and

**IT IS FURTHER ORDERED:**

1. That any objections to the relief requested as of the return date of this Order to Show Cause shall be deemed to have been waived in the event that such objections are not filed with this Court and served upon Plaintiff's counsel no later than ___ days prior to the return date of the Order to Show Cause;

2. That any responsive reply papers on behalf of Plaintiff shall be filed with the District Court and served upon Sisia no later than ___ days prior to the return date of this Order to Show Cause;

3. That service on Sisia of the within Order to Show Cause, Verified Complaint, and all other supporting documents shall be deemed perfected through simultaneous service upon counsel for Sisia, if any, via facsimile transmission and overnight mail; and

4. That, in the event Sisia fails to answer or otherwise move with respect to the Verified Complaint within twenty (20) days after service of same upon him, default and default judgment may be entered against him for the relief sought in the Verified Complaint.

_____
U.S.D.J.

DTD: NYC, NY
5/29, 2007
ISSUED 9:10 A.M.

NewJersey 139017.1