Lynelle J. Slivinski (LS-1210)
Carmen J. DiMaria (*pro hac vice* pending)
Thomas Rattay (*pro hac vice* pending)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 402
Morristown, New Jersey 07960
lynelle.slivinski@ogletreedeakins.com
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

|  |  |  |
|---|---|---|
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., | : : : | Civil Action No.07-CIV-4114 |
| Plaintiff, | : : | |
| v. | : : | **DEFENDANT'S ANSWER TO PLANITIFF'S VERIFIED COMPLAINT** |
| MICHAEL SISIA, | : : | |
| Defendant. | : | |

---------------------------------------------------------

Defendant Michael Sisia ("Defendant"), by and through his counsel, Ogletree, Deakins,

Nash, Smoak & Stewart, P.C., by way of Answer to plaintiff The Great Atlantic & Pacific Tea

Company, Inc's ("Plaintiff") Verified Complaint, hereby states as follows:

### RELIEF REQUESTED

1.      Defendant admits that he resigned on May 29, 2007 and that he now works for

ShopRite Supermarkets, Inc. ("ShopRite"). The remaining allegations contained in paragraph 1

are conclusions of law which Defendant is not required to answer. To the extent an answer is

required, Defendant denies the remaining allegations contained in paragraph 1.

2.      Defendant denies the allegations contained in paragraph 2.

3.    Defendant denies the allegations contained in paragraph 3 except to say that the terms of the document speak for themselves.

4.    The allegations contained in paragraph 4 are conclusions of law which Defendant is not required to answer.  To the extent an answer is required, Defendant denies the remaining allegations contained in paragraph 4.

### THE PARTIES

5.    Defendant admits that Plaintiff is a retailer of food and general merchandise and that it operates stores under various retail banners, including A&P supermarkets.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 5 and leaves Plaintiff to its proofs thereon.

6.    Defendant admits the allegations contained in paragraph 6.

### JURISDICTION AND VENUE

7.    The allegations contained in paragraph 7 are conclusions of law which Defendant is not required to answer.  To the extent an answer is required, Defendant denies the remaining allegations contained in paragraph 7.

8.    The allegations contained in paragraph 8 are conclusions of law which Defendant is not required to answer.  To the extent an answer is required, Defendant denies the remaining allegations contained in paragraph 8.

### FACTUAL BACKGROUND AS TO ALL COUNTS

9.    Defendant admits the allegations contained in paragraph 9.

10.    Defendant admits the allegations contained in paragraph 10.

11.    Defendant denies the allegations contained in paragraph 11.

12.    Defendant admits that he reviewed profit and loss statements, identified operational issues, collaborated on action plans to improve operating conditions and performance outcomes, and provided leadership and direction to his subordinates.  Defendant denies the remaining allegations contained in paragraph 12.

13.    Defendant admits that he operated with minimal supervision and exercised independent judgment while at A&P.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegation contained in paragraph 13 and leaves Plaintiff to its proof thereon.

14.    Defendant denies the allegations contained in paragraph 14.

15.    Defendant denies the allegations contained in paragraph 15.

16.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 and leaves Plaintiff to its proofs thereon.

17.    Defendant denies the allegations contained in paragraph 17.

18.    Defendant denies the allegations contained in paragraph 18.

19.    Defendant denies the allegations contained in paragraph 19 except to say that the terms of the document speak for themselves.

20.    Defendant denies the allegations contained in paragraph 20 except to say that the terms of the document speak for themselves.

21.    Defendant denies the allegations contained in paragraph 21 except to say that the terms of the document speak for themselves.

22.    Defendant denies the allegations contained in paragraph 22 except to say that the terms of the document speak for themselves.

23.    Defendant admits the allegations contained in paragraph 23.

24.     Defendant admits the allegations contained in paragraph 24.

25.     Defendant admits the allegations contained in paragraph 25.

26.     Defendant admits the allegations contained in paragraph 26.

27.     Defendant denies the allegations contained in paragraph 27.

28.     Defendant denies the allegations contained in paragraph 28 except to say that the terms of the document speak for themselves.

29.     Defendant admits that he is working for ShopRite but denies the remaining allegations contained in paragraph 29.

30.     Defendant denies the allegations contained in paragraph 30 except to say that the terms of the document speak for themselves.

## FIRST COUNT
### (Breach Of Contract)

31.     Defendant repeats and realleges each of the foregoing responses as if set forth at length herein.

32.     Defendant denies the allegations contained in paragraph 32.

33.     Defendant denies the allegations contained in paragraph 33.

34.     Defendant denies the allegations contained in paragraph 34.

35.     Defendant denies the allegations contained in paragraph 35.

36.     Defendant denies the allegations contained in paragraph 36.

37.     Defendant denies the allegations contained in paragraph 37.

38.     Defendant denies the allegations contained in paragraph 38.

## SECOND COUNT
### (Breach Of The Covenant Of Good Faith And Fair Dealing)

39.    Defendant repeats and realleges each of the foregoing responses as if set forth at length herein.

40.    The allegations contained in paragraph 40 are conclusions of law which Defendant is not required to answer.  To the extent an answer is required, Defendant denies the allegations contained in paragraph 40.

41.    Defendant denies the allegations contained in paragraph 41.

42.    Defendant denies the allegations contained in paragraph 42.

43.    Defendant denies the allegations contained in paragraph 43.

**WHEREFORE**, Defendant demands judgment dismissing the Verified Complaint with prejudice and awarding Defendant attorneys' fees, costs, interest, and such other and further relief as the Court deems equitable and just.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for economic damages fails because it cannot prove that Defendant's actions have caused it to suffer damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

Defendants reserve the right pending completion of discovery to assert any additional defenses that may exist.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for defendant Michael Sisia

Dated: June 18, 2007

By: /s/ Lynelle J. Slivinski
    Lynelle J. Slivinski (LS-1210)

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2007, I served a copy of Defendant's Answer on the following party by way of first class U.S. Mail:

David E. Strand, Esq.
Fisher & Phillips LLP
Corporate Park III
580 Howard Avenue
Somerset, New Jersey  08873
Counsel for Plaintiff
The Great Atlantic & Pacific Tea Company, Inc.

s/ Lynelle J. Slivinski
Lynelle J. Slivinski (LS-1210)

Dated:  June 18, 2007

4993809.1 (OGLETREE)